# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED

JUL 29

WILLIAM ... GUTHRIE
Clerk, ... ict Court

By_____
Deputy Clerk

BRANDON L. WILLIAMS,           )
                               )
            Petitioner,        )
                               )
v.                             )     **Case No. CIV 11-011-RAW-KEW**
                               )
RANDALL WORKMAN, Warden,       )
                               )
            Respondent.        )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, attacks his conviction in Muskogee County District Court Case Number CF-98-502 for First Degree Murder.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner entered a guilty plea on June 20, 2000, and his Judgment and Sentence was entered on June 21, 2000. *See* Docket #9-1 at 1. He filed a timely application to withdraw the plea, which the Oklahoma Court of Criminal Appeals denied by summary opinion on January 11, 2001. *Williams v. State*, No. C-2000-977 (Okla. Crim. App. Jan. 11, 2001). Petitioner then had 90 days, until April 11, 2001, to pursue a writ of certiorari to the United States Supreme Court, *see* Sup. Ct. R. 13, but he did not seek that remedy. Therefore, the deadline for filing this petition was April 11, 2002, one year from expiration of the time to file a certiorari appeal to the Supreme Court. This habeas corpus petition, filed on January 7, 2011, was untimely.

Petitioner did not initiate state post-conviction proceedings until October 16, 2009, more than seven years after expiration of the limitations period, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). A petitioner is entitled to equitable tolling only if he shows (1) that he has been

2

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005)) (internal quotation marks omitted).

Petitioner alleges in his petition that he is mentally retarded with an I.Q. of 59 [Docket #1 at 14]. He has submitted a copy of his legal competency evaluation for Case No. CF-1998-502, dated May 8, 2000 [Docket #1 at 49-50]. This evaluation by Green Country Behavioral Health Services, Inc., noted that petitioner reported he was unable to read and write, and he had dropped out of school in the 7th Grade. The conclusion of the document, however, was that petitioner was "able to communicate in a rational and logical manner, and that he had "a functional understanding of the court procedures." There is no mention of petitioner's alleged mental retardation.

To the extent petitioner's claims of mental retardation may be construed as a request for equitable tolling, the Tenth Circuit Court of Appeals never has held that mental incapacity tolls the limitations period. *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (considering whether to equitably toll Title VII limitations period on basis of mental incapacity). *But see Reupert v. Workman*, No. 01-6440, 45 Fed. Appx. 852, 854 (10th Cir. Sept. 3, 2002) (holding that equitable tolling may be appropriate where there is adequate proof of incompetence.).

Even if petitioner's alleged mental retardation could be considered to be an "extraordinary circumstance," the court finds he has failed to show he diligently pursued his rights. After his conviction became final in April 2001, he waited more than eight years until October 2009 to initiate his state post-conviction proceedings and until January 2011 to file this action. The court, therefore, concludes his lengthy delay in pursuing habeas corpus relief

3

demonstrates a lack of reasonable diligence in pursuing his rights.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #8]

is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this _29th_ day of July 2011.

_Ronald A. White_

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**